THE BOARD OF COMMISSIONERS OF EXCISE, Respond-
ent, v. LAWRENCE McGRATH, Appellant.

*Excise law — a person bringing an action in the name of the board should not be
required to give security for costs — 2 R. S. (5th ed.), 945, sec. 31 — Code of Civil
Procedure, § 3271.*

Where an action is brought under section 31 of 2 Revised Statutes (5th ed.), 945,
authorizing any person to prosecute an action to recover a penalty incurred by
a violation of the excise law, where the board of excise shall have omitted to
bring an action therefor for the period of ten days after a complaint has been
made to it, the person so bringing the action should not be required to give
security for costs.

Appeal from an order denying a motion made to require the
plaintiff to give security for costs.

*James C. De La Maire*, for the appellant.

*William H. Munday*, for the respondent.

Daniels, J.:

This action has been commenced under the provision contained
in the excise laws, allowing any other person to prosecute in the
name of the board for the recovery of a penalty which may have
been incurred by violating any provision of the act, providing that
the board itself shall omit to institute a suit to recover such penalty
for the period of ten days after a complaint to them, with reasonable
proof sustaining it, showing that the act itself has been violated.
(2 R. S. [5th ed.], 945, § 31.)

All that this section has required to authorize the person to prose-
cute for the recovery of the penalty in the name of the board is that
its own provisions shall appear to have been complied with by the
person presenting the complaint. When that compliance has been
established the person making the complaint and supplying the proof
becomes absolutely entitled to institute the suit for the recovery of
the penalty. The legislature has not permitted anything further
to be required from him to authorize him to institute and prosecute
the action, and the result would seem to follow that he could not
be required to give security for costs. But even if the case should

be held to be within section 3271 of the Code of Civil Procedure the making of an order requiring security to be given would not be a politic exercise of the discretion vested by that section in the court. Actions of this nature have frequently been brought in the name of the board by such a complainant; but the practice never has been to require security for costs under such circumstances. The action, on the contrary, has been considered well and properly brought by a compliance with what has been required by the section of the excise laws, to which reference has already been made. The order in the case was right and it should be affirmed, with ten dollars costs besides any disbursements which may have been made upon the appeal.

DAVIS, P. J., concurred.

BRADY, J.:

I concur, but with reluctance, in the result. The right given to any person to bring an action is too general and may lead to much litigation and impose burdens on the plaintiffs herein arising from charges that cannot be sustained. The board should in some way be indemnified against costs in all cases not instituted by it.

Order affirmed, with ten dollars costs and disbursements.